(Feb. 3, 1923. No. 2762.)

In re ROGERS

### SYLLABUS BY THE COURT

Under sections 353 and 361, Code 1915,. a letter of an insulting character, charging personal and official ignorance

and corruption, written by a member of the bar to a district judge, is sufficient ground for disbarment.

Original proceedings in disbarment of W. E. Rogers. Order of suspension from the practice of law in the courts of the state for six months.

H. S. Bowman, Atty. Gen., for relator.
George W. Prichard, of Santa Fe, for respondent.

### OPINION OF THE COURT

PARKER, C. J.   On May 11, 1922, the respondent, an attorney at the bar of this court, wrote a letter to Hon R. R. Ryan, judge of the Sixth judicial district court of the state as follows:

"W. E. Rogers, Attorney at Law,
"First National Bank Building, Suite 651.
El Paso, Texas, May 11, 1922.

"Judge R. R. Ryan, Silver City, New Mexico—

Dear Sir:   With due respect for the position you occupy, I must say your letter of the 8th instant, saying the reason my former letter to you was not replied to, 'It is not customary among courts in New Mexico to advise attorneys as to how to practice law,' seems very unjustifiable under the circumstances.   If one-tenth part of the reports of citizens of your district, coming to El Paso, be true, you are not only a blockhead, but you are the most corrupt man, both on the bench and off, that was ever elevated to judicial position.   For the respect I have for the judiciary of my country, I have not only denied the conclusions of these parties about you as being correct, but have gone out of my way to send for parties circulating them, to try to stop them from further talk of that kind.   If you will call at my office, I wil give you names.   If you really are a broad-gauge man, you will take this letter in the spirit it is written.

"Yours very truly,
"[Signed]   W. E. Rogers."

This letter was called to the attention of the State Board of Bar Examiners by Judge Ryan, which board in turn recommended to the Attorney General to file charges against the respondent looking to his disbarment, under the provisions of sections 353 and 361, Code 1915, which was accordingly done.   The respondent appeared and answered the information of the Attorney General, admitting that he wrote the letter

above set out, but denying that he intended to insult Judge Ryan, or that he intended any reflection upon, or disparagment of, the office the judge holds, or that his act was done without due respect to said judge and his said office. He further alleged that said letter was written to Judge Ryan in response to his communication to respondent, and that respondent had taken affirmative action to refute aspersions of Judge Ryan that had come to his (respondent's) knowledged. Respondent further denied that the matters and statements in the letter quoted, as therein set forth, or any part thereof, were false, and as to the truth or falsity of the reports referred to in the letter he neither affirmed nor denied.

Thereafter the Attorney General filed a motion for judgment on the pleadings, which motion has been argued and submtted to the court. The motion is based, among other grounds, upon the proposition that the respondent engaged in offensive personalities against Judge Ryan, and thus failed to maintain the respect due to the said court; that in the said letter the said respondent made abusive and insulting statements to Judge Ryan; that in the said letter the said respondent made statements reflecting upon the character and integrity of the said judge; and that all of the said matters constituted unprofessional conduct on the part of the respondent, and also constituted failure in his duties as an attorney at the bar of this state, and constitutes such demeanor as to demonstrate that the respondent is unworthy of, and not entitled to, the trust and confidence of the courts of the state.

A careful reading of the letter above quoted discloses that it furnishes ground for disbarment of an attorney. While it appears from the quotations in the letter from Judge Ryan containing the statement that "it is not customary among courts in New Mexico to advise attorneys as to how to practice law," which statement, it is to be admitted, is somewhat tart and against Judge Ryan, and thus failed to mantain the res-

brusque, nevertheless it would seem that the same furnishes no justification for the language of the respondent in the letter which followed. There could have been no reason in the mind of the writer of the letter to recount to Judge Ryan, who is one of the most respected judges in the state, that he was reported by citizens of his judicial district to be a blockhead, and the most corrupt man, both on the bench and off, that was ever elevated to judicial position, except to insult him. The latter part of the letter, in which the writer alleges that he had taken pains to deny the reports, is based upon the alleged respect of the writer for the judiciary of the country, and not upon any regard for the judge himself.

Reading between the lines, and taking into consideration the circumstances, it appears to us that this letter was written in a burst of resentment on the part of the respondent to what he considered curt language from the judge in the letter to which respondent's letter was a reply. The heat of anger and resentment led the respondent to lengths to which no attorney is at liberty to go, and which, no doubt, respondent himself, in cooler blood, has regretted. The fact remains, however, that notice must be taken of such conduct, and the practitioners before the courts must keep themselves well enough in hand, so that their anger and prejudice may not lead them into gross insults of the judges and the courts. That such a letter as this constitutes ground for disbarment, see State Board of Examiners v. Hart, 104 Minn. 88, 116 N. W. 212, 17 L. R. A. (N. S.) 585, and note, 15 Ann. Cas. 197, and note.

We desire to deal leniently with the member of the bar whose infirmities of temper, rather than a deliberate and wilful intent to bemean a judge and a judicial office, has led him to commit the offense as outlined above, and have determined that a suspension from practice in the courts of this state is just under the

circumstances. It is therefore the judgment of this court that the respondent, W. E. Rogers, be suspended from the practice of law in the courts of this state for a period of six months; and it is so ordered.

BRATTON, J., and MECHEM, District Judge, concur.